PATRICIA J. RYNN, State Bar No. 092048
MARION I. QUESENBERY, State Bar No. 072308          **E-Filed 7/19/2010**
ELISE O'BRIEN, State Bar No. 245967
RYNN & JANOWSKY, LLP
4100 Newport Place Drive, Suite 700
Newport Beach, CA 92660-2423
Telephone: (949) 752-2911
Facsimile: (949) 752-0953
pat@rjlaw.com; marion@rjlaw.com; else@rjlaw.com
Attorneys for Plaintiffs

LAW OFFICES
RYNN & JANOWSKY, LLP
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HIGASHI FARMS, INC., et al.,<br><br>        Plaintiffs,<br><br>vs.<br><br>SALYER AMERICAN FRESH FOODS, et al.,<br><br>        Defendants. | CASE NO.    09-CV-04983 JF<br>                 09-CV-04985 JF<br>                 09-CV-04207 JF<br><br>~~[PROPOSED]~~ ORDER ESTABLISHING SEGREGATED PACA ACCOUNT AND PACA TRUST CLAIMS PROCEDURE (AS MODIFIED BY THE COURT) |
| MAJOR FARMS, INC.,<br><br>        Plaintiffs,<br><br>vs.<br><br>SALYER AMERICAN FRESH FOODS, et al.,<br><br>        Defendants. | |
| BRAGA RANCH, INC.,<br><br>        Plaintiffs,<br><br>vs.<br><br>SALYER AMERICAN FRESH FOODS, et al.,<br><br>        Defendants. | |

LAW OFFICES
RYNN & JANOWSKY, LLP
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

The matter having come before the Court on the Motion of Plaintiffs BRAGA RANCH, INC. ("Braga Ranch"), Case No. 09-CV-04207 JF ("Braga Ranch Matter"), HIGASHI FARMS, INC., K&S FARMS, LLC, M. NISHIMORI FARMS, INC., MANN PACKING CO., INC., MARTIN JEFFERSON & SONS, MERRILL FARMS, LLC, NEW STAR FRESH FOODS, LLC, TAYLOR FARMS CALIFORNIA, INC. (collectively "Higashi Farms"), Case No. 04-CV-04983 JF ("Higashi Farms Matter"), MAJOR FARMS, INC. ("Major Farms"), Case No. 09-CV-04985 JF ("Major Farms Matter"), and Intervening Plaintiffs G&H FARMS, LLC, JOHN S. TAMAGNI & SONS, INC., PEDRAZZI FARMS, INC., ED MEHL, and C&G FARMS, INC. (collectively "G&H Farms") in Case No. 09-CV-04983 (all Plaintiffs and Intervening Plaintiffs are referred to collectively as "Plaintiffs") to establish certain procedures for the management of claims which the Plaintiffs assert under the Perishable Agricultural Commodities Act, 7 U.S.C. §499a – 499q ("PACA") (the "Motion"), and the Court having considered the oral arguments of the parties and the papers and pleadings submitted in support of and in opposition to the Motion, and having GRANTED in part Plaintiffs' Motion as more specifically set forth in this Court's March 8, 2010 Order [Docket No. 39],

**IT IS FURTHER ORDERED** (the "Order") that:

**I.    ESTABLISHMENT OF PACA TRUST ACCOUNT:**

1.    The Receiver, Steve Franson ("Receiver") – who is the receiver appointed over Salyer American Fresh Foods ("Salyer American"), pursuant to a May 6, 2009 order in Case No. M98573, Superior Court of California, County of Monterey (the "Monterey County Superior Court Action") – shall continue to maintain a segregated PACA Trust Account at RaboBank (the "Account"), a federally insured financial institution, which he previously established, in an amount not less than $~~3,669,266.03~~ $2,235,222.76 (the "PACA Funding Amount").  The PACA Funding Amount may be increased or decreased ~~as described in paragraph 10 below~~ only upon noticed motion and the Court's ruling thereon.  The Receiver shall

be the sole signatory on said Account, and no checks or other withdrawals shall be issued or

permitted without the Receiver's signature or order of the Court (which shall include this Order).

The Account shall not be subject to execution, levy or attachment without further order of this

Court. Receivership fees and expenses shall be paid out of the Account, subject to reallocation by the Court for good cause shown.

2.      The Court, as stipulated by the Receiver at the hearing held on the Motion,

appoints the Receiver, Steve Franson, as the administrator of the Account, who shall be

responsible for reporting account activity and effectuating withdrawals and distributions from the

Account, as otherwise set forth herein, to the holders of valid PACA trust claims pursuant to the

procedures set forth herein and in accordance with this Order.

3.      The Receiver shall ensure that the funds on deposit in the Account shall be used

only to pay PACA trust claims ^ and Receivership fees and expenses that are determined to be valid by order of this Court, and may

not be withdrawn, except as otherwise provided for in this Order, for any other purposes without

further order of this Court.

4.      The Receiver shall maintain the integrity and security of the financial records

pertaining to Salyer American's business, including accounts payable and accounts receivable.

Within thirty (30) days of entry of this Order, the Receiver shall file a report of all deposits and

withdrawals made from the Account from the date of the establishment of said Account to and

including the date of entry of this Order ("Report") with the Court, and serve same upon all

counsel of record and all parties appearing in pro per in Case Nos. 09-CV-04983JF, 09-CV-

04985JF and 09-CV-04207JF pending in the above-entitled Court (collectively, the "PACA

Actions").  Similar reports shall be filed and served as set forth above quarterly, commencing September 10, 2010

~~June 10, 2010~~, and thereafter on the tenth business day following each calendar quarter thereafter

(~~September 10, 2010~~, December 10, 2010, etc).  The Report shall include copies of all deposits

and withdrawals into and from the Account by name of payor or payee and the amount of such

LAW OFFICES
**RYNN & JANOWSKY, LLP**
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

deposit or withdrawal, and shall include copies of all Rabobank statements received since the previous Report.

## II.      PACA CLAIMS PROCEDURE:

5.      The efficient administration of justice requires that all persons claiming to be a PACA trust beneficiary of Salyer American be notified so that all such persons may intervene in the PACA Actions by filing a Complaint in Intervention in Case No. 09-CV-04983-JF as more specifically set forth in this Order.  Further, to ensure finality to any ultimate distribution of PACA trust assets, if any, deposited in the Account, all persons or entities claiming to be PACA trust beneficiaries of Salyer American shall be required to intervene in Case No. 09-CV-04983 prior to the Bar Date (as hereinafter defined) established pursuant to this Order, so that the class of PACA trust beneficiaries is defined, a method to determine the validity of their claims is established, all PACA trust beneficiaries of Salyer American share in any distribution of PACA trust assets in the Account, if any, and duplicate actions are avoided.  All persons or entities having an unpaid invoice for the sale of perishable agricultural commodities to Salyer American, or who otherwise claim to be PACA trust beneficiaries of Salyer American, are hereby granted leave to intervene in the PACA Action to assert PACA claims without further notice or motion and, once having intervened, each such entity shall be bound by all orders entered in the PACA Actions including, without limitation, this Order.

6.      Within fourteen (14) calendar days from the date of filing this Order, the Receiver shall send a written notice ("the Notice"), in a form substantially similar to that attached hereto as "**Exhibit 1**," to each and every unpaid supplier of perishable agricultural commodities as identified on Salyer American's listing of accounts payable dated **[TBI]** (the "AP Listing") (the "PACA Trust Claimant").  If any PACA Trust Claimant has appeared through its attorney of record in the PACA Actions, such Notice must be sent to such entity's attorney of record. Such

LAW OFFICES
RYNN & JANOWSKY, LLP
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

written notice shall be accompanied by a copy of this Order and shall be sent via certified mail with return receipt requested, facsimile, or any equally verifiable means to establish delivery to the recipient.

7.     The Notice shall set forth the following schedule:

| | |
|---|---|
| **Last Day to File and to Serve Complaint in Intervention and PACA Proof of Claims**………………………………………… | September 1, 2010 ~~May 28, 2010~~ |
| **Last Day to File and to Serve Objections to any PACA Proof of Claim**…………………………………………… | October 1, 2010 ~~June 28, 2010~~ |
| **Last Day to Complete Discovery in Regard to PACA Trust Claims**… | November 1, 2010 ~~July 28, 2010~~ |
| **Last Day to File and to Serve Responses to Objections to PACA Proof of Claim** ……………………………………… | November 1, 2010 ~~July 28, 2010~~ |
| **Last Day to File PACA Trust Chart**………………………………… | November 12, 2010 ~~August 6, 2010~~ |
| **Last Day to File and Serve Objections to PACA Trust Chart**…….. | November 26, 2010 ~~August 16, 2010~~ |
| **Last Day to File and to Serve Motion to Determine Validity of PACA Claims**…………………..……………………..……...… | January 7, 2011 ~~September 17, 2010~~ |

8.     On or before ~~May 28, 2010~~ September 1, 2010 any PACA Trust Claimant including, without limitation, the Plaintiffs, shall file in Case No. 09-CV-04983-JF and serve on the attorneys listed in this paragraph, (1) a completed PACA proof of claim in a form substantially similar to that attached hereto as "Exhibit 2" ("PACA Proof of Claim"), together with all documents supporting its claim; and (2) a Complaint in Intervention which complies with Federal Rule of Civil Procedure 8(a); provided, however, the Plaintiffs shall not be required to file a Complaint in Intervention.  Any corporation, partnership, and/or limited liability company that files a PACA Proof of Claim and Complaint in Intervention must file an appearance in Case No. 09-CV-04983-JF through legal counsel.  The attorneys to be served with the PACA Proof of Claim and the Complaint in Intervention are the following:

LAW OFFICES
**RYNN & JANOWSKY, LLP**
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

LAW OFFICES
RYNN & JANOWSKY, LLP
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

1

**Counsel for Plaintiffs Higashi Farms, et al.**
Patricia J. Rynn, Esq.
2       Rynn & Janowsky, LLP
4100 Newport Place Drive, Suite 700
3       Newport Beach, California  92660
pat@rjlaw.com
4

**Counsel for Plaintiff Braga Ranch**

Kelly McCarthy Sutherland, Esq.
Lombardo & Gilles, LLP
318 Cayuga Street
Salinas, CA 93901
Kelly@lomgil.com

5       **Counsel for Plaintiff Major Farms**

6       Effie F. Anastassiou, Esq.
Anastassiou & Associates
7       242 Capitol Street
Post Office Box 2210
8       Salinas, CA 93902
effieesq@salinasaglaw.com
9

**Counsel for the Receiver**

Reid H. Everett, Esq.
Perkins, Mann & Everett, P.C.
2222 W. Shaw Avenue, Suite 202
Fresno, California 93711
reverett@pmelaw.com

10      **Counsel for G&H Farms, et al.**

11      Paul Hart, Esq.
Johnson & Moncrief, PLC
12      295 Main Street, Suite 600
Salinas, California  93901
13      paulhart@johnsonmoncrief.com

**Counsel for Defendant Bank of West**

Robert Kaplan, Esq.
Jeffer Mangels Butler & Marmaro LLP
Two Embarcadero Center, 5th Floor
San Francisco, California 94111
RBK@JMBM.com

14      **Counsel for Defendants Salver American Fresh Foods**

15      Larry J. Lichtenegger, Esq.
Law Office of Larry Lichtenegger
16      3850 Rio Road, #58
Carmel, California 93923
17      lawyer@mbay.net

18

19          9.      Any PACA Trust Claimant who fails to file a Complaint in Intervention and

20      a PACA Proof of Claim or who fails to serve them on the counsel referenced in

September 1, 2010

21      Paragraph 8 above, on or before ~~May 28, 2010~~ (the "Bar Date"), shall be **forever barred**

22      from asserting any claim under PACA against any of the defendants named in the PACA

23      Actions, any other third party person or entity and all officers, agents, accountants,

24      attorneys, representatives, and employees thereof (collectively, the "Potential PACA

25

September 1, 2010

1    Liability Parties").  **Plaintiffs need only file a PACA Proof of Claim by the** ~~May 28, 2010~~

2    **deadline.**

3            10.    ~~On or before June 15, 2010, the Receiver shall increase or decrease the PACA~~

4    ~~Funding Amount in the Account to an amount that is equivalent to the sum of all PACA Proof of~~

5    ~~Claims timely filed.  In order to pay the fees, costs and out-of-pocket expenses of the Receiver~~

6    ~~and his counsel reasonably incurred in order to carry out, monitor and administer the procedures~~

7    ~~set forth in this Order, the Receiver shall further increase the PACA Funding Amount in the~~

8    ~~Account in the amount of $25,000 (the "Receiver Expense Reserve").~~

9            11.    Expedited, but limited, discovery relating to any PACA Proof of Claim shall be

                                              November 1, 2010
10   permitted and must be completed on or before ~~July 28, 2010~~.  Any of the Plaintiffs who have

11   appeared in the PACA Actions and/or any person or entity that has timely filed a Complaint in

12   Intervention and PACA Proof of Claim (collectively, the "PACA Parties-in-Interest" and

13   individually, a "PACA Party-in-Interest") and any of the defendants named in the PACA Actions

14   (collectively, the "PACA Defendants") may serve via electronic mail no more than ten requests

15   for production of documents, ten requests for admissions, and ten interrogatories and may take

16   one deposition per PACA Proof of Claim, unless otherwise ordered by the Court after a motion

17   to be served by electronic mail on all parties in the PACA Actions.  Discovery must be

18   responded to within 10 days of service and a deposition may be taken upon ten days notice.  All

19   PACA Parties-in-Interest and PACA Defendants who wish to take the deposition of the Receiver

20   shall coordinate their proposed deposition dates with the Receiver's counsel, so as to minimize

21   the number of days that the Receiver is going to be deposed by the PACA Parties-in-Interest and

22   the PACA Defendants.  The Receiver shall have the right to seek a protective order from the

23   above-entitled Court, to limit the number of depositions of the Receiver that may be taken by the

24   PACA Parties-in-Interest and the PACA Defendants.

25

LAW OFFICES
**RYNN & JANOWSKY, LLP**
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

ORDER ESTABLISHING PACA CLAIMS PROCEDURE – Page 7
976483v2

October 1, 2010

12. On or before ~~June 28, 2010~~ ("Objection Deadline"), any objections to any PACA Proof of Claim must be filed in Case No. 09-CV-04983-JF and served on counsel referenced in Paragraph 8 above and on counsel for the PACA Trust Claimant whose claim is the subject of the objection or on the party filing the PACA Proof of Claim if that party is in pro per.  Such objection shall set forth the legal and factual basis for the objection to PACA Proof of Claim (the "Objection").

November 1, 2010

13. On or before ~~July 28, 2010~~ ("Response Deadline"), any PACA Trust Claimant whose claim is subject to a timely Objection may file in Case No. 09-CV-04983-JF a detailed response to any Objection received and shall serve concurrently the response on counsel referenced in Paragraph 8 above and counsel for the objecting party (the "Response").  Any PACA Trust Claimant who has filed a PACA Proof of Claim and Complaint in Intervention who fails to timely file and serve a Response by the Response Deadline **shall be forever barred** from asserting a claim under PACA against any of the Potential PACA Liability Parties.

November 12, 2010

14. On or before ~~August 6, 2010,~~ the Receiver shall file with the above-entitled Court and serve upon all counsel of record in the PACA Actions and any entities that have appeared in pro per a chart ("PACA Trust Chart"), which shall identify each person or entity which has filed a PACA Proof of Claim and the amount of the claim as set forth in the PACA Proof of Claim, the undisputed amount (no objections filed by the Objection Deadline or objections resolved), the disputed amount subject to an unresolved and pending Objection, and the claim or portion of the claim which is deemed invalid because no response to the objection was filed by the Response Deadline. Any objection which any PACA Party-in-Interest or the PACA Defendants

November 26, 2010

may have to the PACA Trust Chart must be filed and served on or before ~~August 16, 2010~~ on counsel referenced in paragraph 8 above and on all counsel for any party that filed a PACA Proof of Claim and Complaint in Intervention or on the party itself, if the party appeared in pro

LAW OFFICES
RYNN & JANOWSKY, LLP
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

1   per.  In the event a timely Objection is filed to the PACA Trust Chart, the objecting party and the

2   Receiver shall meet and confer in an effort to resolve said Objection and, if such efforts are not

3   successful, the Court shall resolve the Objection filed to the PACA Trust Chart upon a noticed

4   Motion to be filed in Case No. 09-CV-04983-JF by the Receiver.  No distributions shall be made

5   by the Receiver to a PACA Trust Claimant subject to an Objection until this Court resolves the

6   Objection which is filed to the PACA Trust Chart.

7          15.     If an Objection is filed to a PACA Proof of Claim by the Objection Deadline, the

8   PACA Trust Claimant and the objecting party shall thereafter exercise their best efforts to

9   resolve the objection.  If the PACA Trust Claimant and the objector(s) resolve their dispute, they

10  shall jointly notify the Receiver's counsel, counsel for all of the parties referenced in paragraph 8

11  above, counsel for the PACA Parties-in-Interest and any party appearing in pro per in writing

12  that the objection(s) has been resolved and of the amount of the agreed upon PACA trust claim

13  (the "Resolution Notice").  Within five (5) calendar days of the Receiver's receipt of the

14  Resolution Notice, the Receiver shall pay to the PACA Trust Claimant (in the manner stated in

15  paragraph 17 of this Order) the amount of the PACA trust claim as set forth in the Resolution

16  Notice.  In the event the PACA Trust Claimant and the objecting party are unable to resolve the

17  dispute or the Objection is not withdrawn, counsel for the PACA Trust Claimant served with the

18  Objection shall file and serve in Case No. 09-CV-04983-JF on all PACA Parties-in-Interest and

    January 7, 2011

19  the PACA Defendants on or before ~~September 17, 2010~~, a Motion to Determine the Validity of

20  PACA Trust Claim ("PACA Motion").  Any Order entered by this Court on a PACA Motion

21  shall be accompanied by a separate judgment implementing any such Order (the "PACA

22  Judgment"), as authorized by Federal Rule of Civil Procedure 54(b) and shall be subject to

23  appeal as provided for by the Federal Rules of Appellate Procedure.  No distributions shall be

24  made by the Receiver on account of a PACA Judgment until such time as said PACA Judgment

25

LAW OFFICES
RYNN & JANOWSKY, LLP
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

is a "Final Judgment".  Final Judgment shall mean (i) a PACA Judgment from which (A) no appeal was timely filed or (B) an appeal has been filed, but no stay of has been granted pending appeal, or (ii) a PACA Judgment from which an appeal was filed and a stay pending appeal has been granted where (A) such appeal has been finally determined or resolved, and (B) such PACA Judgment was sustained on appeal.

16.    Any alleged PACA trust claim listed on a PACA Proof of Claim, to which no Objection has been filed and served prior to the Objection Deadline, shall be deemed a valid PACA trust claim for the full amount stated in the PACA Proof of Claim (the "Unobjected to PACA Proof Claim").  Within five (5) calendar days of a PACA Proof of Claim becoming an Unobjected to PACA Proof of Claim, the Receiver shall pay to the PACA Trust Claimant (in the manner stated in paragraph 17 of this Order), the amount of the valid PACA trust claim.

17.    Any distributions made by the Receiver on account of a Unobjected to PACA Proof of Claim, a PACA Proof of Claim which is the subject of a Resolution Notice, or on account of a PACA Judgment which is a Final Judgment (collectively, the "Successful PACA Claims" and individually a "Successful PACA Claim") shall be paid to the client trust account of the attorney of record for the PACA Trust Claimant or, in the event the PACA Trust Claimant is in pro per, payable to said PACA Trust Claimant.  If an attorney represents more that one PACA Trust Claimant, the said distribution may be made in one lump sum in the aggregate amount of all of the PACA Trust Claimants represented by said attorney.  Each attorney receiving such a distribution from the Receiver shall be obligated to correctly pay the amounts paid to said attorney by the Receiver to the PACA Trust Claimants represented by the attorney and the Receiver shall have no duty or responsibility to determine the manner in which said distribution is paid among the various PACA Trust Claimants of said attorney, which determination shall be the sole and absolute responsibility of the attorney for the PACA Trust Claimant.

LAW OFFICES
RYNN & JANOWSKY, LLP
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

LAW OFFICES
**RYNN & JANOWSKY, LLP**
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

18.     The Receiver may, at any time, file with the above-entitled Court and serve upon all counsel of record in the PACA Actions and any entities that have appeared in pro per a request to reimburse the Receiver from the ~~Receiver Expense Reserve~~ Account for its reasonable fees, costs and out-of-pocket expenses ("Reimbursement Request").  Any objection which any PACA Party-in-Interest or PACA Defendants may have to the Receiver's Reimbursement Request must be filed and served within five (5) calendar days of the filing of the Reimbursement Request.  In the event a timely objection is filed to the Reimbursement Request, the objecting party and the Receiver shall meet and confer in an effort to resolve said objection and, if such efforts are not successful, the Court shall resolve the objection.

19.     To the extent that any monies remain in the Account and the ~~Receiver Expense Reserve~~ after the Successful PACA Claimants receive a 100% PACA Payment, any such amounts shall be retained by the Receiver for further distribution to creditors of Salyer American in the Monterey County Superior Court Action and shall no longer be subject to this Order.

## III.     PROCEDURAL ISSUES:

20.     The PACA Parties-in-Interest and the PACA Defendants are relieved from complying with Federal Rule of Civil Procedure 26 until further order of this Court.

21.     All persons or entities having unsatisfied claims against the Potential PACA Liability Parties allegedly owed to them by Salyer American and arising under or related to the PACA trust for unpaid deliveries of perishable agricultural commodities covered by the PACA Trust shall have the right to seek recovery on such claims only by following the procedure established by this Order.

22.     None of the PACA Defendants shall be required to file a responsive pleading to any Complaint or any Complaint in Intervention filed in the PACA Actions until further order of this Court.

1    23.    ~~Upon resolution of a particular Plaintiff's claims under PACA under this Order,~~

2    ~~or upon issuance of a PACA Judgment on a Plaintiff's claims which is subsequently appealed,~~

3    ~~and upon request made by the Plaintiff to this Court, the Court may lift the stay, with respect to~~

4    ~~the pursuit of the Plaintiff's other non-PACA claims against the Defendants.~~

5    **<u>IT IS SO ORDERED.</u>**

6

7    DATE:  7/19/2010

8    _____
     HON. JEREMY FOGEL
     UNITED STATES DISTRICT COURT JUDGE

9

10

LAW OFFICES
**RYNN & JANOWSKY, LLP**
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

ORDER ESTABLISHING PACA CLAIMS PROCEDURE – Page 12
976483v2

EXHIBIT 1

1  PATRICIA J. RYNN, State Bar No. 092048
   MARION I. QUESENBERY, State Bar No. 072308
2  ELISE O'BRIEN, State Bar No. 245967
   RYNN & JANOWSKY, LLP
3  4100 Newport Place Drive, Suite 700
   Newport Beach, CA 92660-2423
4  Telephone: (949) 752-2911
   Facsimile:  (949) 752-0953
5  pat@rjlaw.com; marion@rjlaw.com; elise@rjlaw.com

6  Attorneys for Plaintiffs

7                    UNITED STATES DISTRICT COURT

8             FOR THE NORTHERN DISTRICT OF CALIFORNIA

9                         SAN JOSE DIVISION

10 HIGASHI FARMS, INC., et al.,        CASE NO.    09-CV-04983 JF
                                                   09-CV-04985 JF
11              Plaintiffs,                         09-CV-04207 JF
           vs.
12                                     **NOTICE OF ORDER ESTABLISHING
   SALYER AMERICAN FRESH FOODS, et     PACA TRUST CLAIMS PROCEDURE**
13 al.,

14              Defendants.

15 MAJOR FARMS, INC.,

16              Plaintiffs,
           vs.
17
   SALYER AMERICAN FRESH FOODS, et
18 al.,

19              Defendants.

20 BRAGA RANCH, INC.,

21              Plaintiffs,
           vs.
22
   SALYER AMERICAN FRESH FOODS, et
23 al.,

24              Defendants.

25

(sidebar)
LAW OFFICES
RYNN & JANOWSKY, LLP
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

1

2

**TO:  ALL CREDITORS OF SALYER AMERICAN FRESH FOODS ("Salyer American")**

3

4

5

     **PLEASE TAKE NOTICE** that on _____ 2010, the Court issued the attached Order Establishing PACA Trust Claims Procedure (the "Order") in the above-captioned proceedings.

6

7

8

9

10

11

12

13

14

15

     Under certain circumstances, the trust provisions of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. §499e(c), provide for priority payment to qualifying sellers of perishable agricultural commodities ("Produce") who have not received payment for Produce sold and shipped to a buyer.  In order to qualify as a PACA trust beneficiary entitled to such priority payment, the creditor must first have sold perishable agricultural commodities (e.g., fruits or vegetables in fresh form, whether or not packed in ice, including frozen).  Second, the seller of such commodities must have timely complied with certain statutory requirements to validly preserve PACA trust benefits and qualify as a PACA trust creditor.  Sellers who prove they have met all statutory requirements and have valid PACA trust claims are entitled to share in the distribution of Salyer American's PACA trust assets.

16

17

18

19

20

21

22

23

     The Order sets forth a procedure where creditors who believe that they have a valid PACA trust claim against Salyer American for perishable agricultural commodities sold to it (the "PACA Trust Claimants") must intervene in the Court proceedings and prove their PACA trust claims against Salyer American.  If you are a PACA Trust Claimant and sold perishable agricultural commodities to Salyer American and have not been paid for the Produce and you desire to assert a PACA trust claim against Salyer American and share in any distribution of Salyer American's assets to PACA trust creditors, you must timely and fully comply with all terms of the following claims procedure for produce creditors.

24

/ / /

25

/ / /

LAW OFFICES
**RYNN & JANOWSKY, LLP**
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

ORDER ESTABLISHING PACA CLAIMS PROCEDURE – Page 14

976483v2

1

## CLAIMS PROCEDURE FOR PRODUCE CREDITORS
September 1, 2010

2   1.  On or before the May 28, 2010, "Deadline to File and to Serve Complaint in

3 Intervention and PACA Proof of Claim," any potential PACA trust creditors who wish to protect

4 their PACA trust rights against Salyer American must file in Case No. 09-CV-04983 (i) a

5 Complaint in Intervention which complies with Federal Rule of Civil Procedure 8(a), unless they

6 have already filed and served it and are listed in paragraph 2 below, and (ii) a PACA Proof of

7 Claim substantially similar to the form attached as Exhibit 2 to this Notice with the Clerk of the

8 United States District Court.

9   2.  The Complaint in Intervention and the Proof of Claim must also be served upon:

10

| **Counsel for Plaintiffs Higashi Farms, et al.** | **Counsel for Plaintiff Braga Ranch** |
|---|---|
| Patricia J. Rynn, Esq. | Kelly McCarthy Sutherland, Esq. |
| Rynn & Janowsky, LLP | Lombardo & Gilles, LLP |
| 4100 Newport Place Drive, Suite 700 | 318 Cayuga Street |
| Newport Beach, California 92660 | Salinas, CA 93901 |
| pat@rjlaw.com | Kelly@lomgil.com |

| **Counsel for Plaintiff Major Farms** | **Counsel for Defendant Steve Franson** |
|---|---|
| Effie F. Anastassiou, Esq. | Reid Everett, Esq. |
| Anastassiou & Associates | Perkins, Mann & Everett, P.C. |
| 242 Capitol Street | 2222 W. Shaw Avenue, Suite 202 |
| Post Office Box 2210 | Fresno, California 93711 |
| Salinas, CA 93902 | reverett@pmelaw.com |
| effieesq@salinasaglaw.com | |

| **Counsel for G&H Farms, et al.** | **Counsel for Defendant Bank of West** |
|---|---|
| Paul Hart, Esq. | Robert Kaplan, Esq. |
| Johnson & Moncrief, PLC | Jeffer Mangels Butler & Marmaro LLP |
| 295 Main Street, Suite 600 | Two Embarcadero Center, 5th Floor |
| Salinas, California 93901 | San Francisco, California 94111 |
| paulhart@johnsonmoncrief.com | RBK@JMBM.com |

LAW OFFICES
RYNN & JANOWSKY, LLP
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

1

**Counsel for Defendants Salyer American
Fresh Foods**

2

3      Larry J. Lichtenegger, Esq.
       Law Office of Larry Lichtenegger
4      3850 Rio Road, #58
       Carmel, California 93923
5      lawyer@mbay.net

6

The parties hereto agree that service is permitted to be made pursuant to Fed.R.Civ.P. 5(b)(2)(E)
7
via e-mail, *provided that* if service is effectuated via e-mail, a copy of the document shall also be
8
served via U.S. Mail on the date of e-mail service, and service via e-mail shall be made to the
9
following e-mail address identified above.  All filings will be accompanied by a certificate of
10
service.

       **3.      Either the claimant's owners or the claimant's authorized representative of**
11
**the respective claimant having personal knowledge of the facts comprising such claims**
12
**must verify each PACA Proof of Claim.  Any PACA Trust Claimant who fails to file a**
13
**Complaint in Intervention and a PACA Proof of Claim or who fails to serve them on the**
14                                                            September 1, 2010
**counsel referenced in Paragraph 2 above, both on or before ~~May 28, 2010~~ shall be forever**
15
**barred from asserting any claim under PACA against any of the defendants named in Case**
16
**Nos. 09-CV-04983JF, 09-CV-04985JF and 09-CV-04207JF pending in the above-entitled**
17
**Court, any other third party person or entity and all officers, agents, accountants,**
18
**attorneys, representatives, and employees thereof.**

       4.      Additional deadlines governing the determination and payment of valid PACA
19
claims against Salyer American are set forth in the Order and are summarized below:
20
       **Deadline to File and to Serve Complaint in Intervention**       September 1, 2010
21     **and PACA Proof of Claims**…………………………………………..   ~~May 28, 2010~~

22     **Deadline to File and to Serve Objections to**                   October 1, 2010
       **any PACA Proof of Claim**…………………………………………..   ~~June 28, 2010~~
23
       **Deadline to Complete Discovery in Regard to PACA Trust Claims**… November 1, 2010
                                                                          ~~July 28, 2010~~
24
       **Deadline to File and to Serve Responses to Objections**         November 1, 2010
25     **to PACA Proof of Claim** ………..…………………………………   ~~July 28, 2010~~

ORDER ESTABLISHING PACA CLAIMS PROCEDURE – Page 16
976483v2

LAW OFFICES
**RYNN & JANOWSKY, LLP**
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

1

2   **Deadline to File PACA Trust Chart**……………….……...……. ~~August 6, 2010~~ November 12, 2010

3   **Deadline to File and to Serve Objection to the PACA Trust Chart**…..~~August 16, 2010~~ November 26, 2010

4

5   **Deadline to File and to Serve Motion to Determine Validity of PACA Claims**………………….………………...……...…~~September 17, 2010~~ January 7, 2011

6   If you have any questions concerning this Notice or whether you qualify as a PACA trust

7   creditor of Salyer American or any of its affiliated entities, you are strongly advised to seek legal

8   counsel *immediately*.

9                                          **PERKINS, MANN & EVERETT, P.C.**

10   Dated: ~~April~~ ___, 2010

11                                          _____
                                         REID EVERETT, attorneys for Defendant STEVE

12                                         FRANSON

13

14

15

16

17

18

19

20

21

22

23

24

25

LAW OFFICES
**RYNN & JANOWSKY, LLP**
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

ORDER ESTABLISHING PACA CLAIMS PROCEDURE – Page 17
976483v2

## EXHIBIT 2

LAW OFFICES
**RYNN & JANOWSKY, LLP**
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

1  _____
   _____
2  _____
   _____
3  _____
   _____
4  _____

5

6  Attorneys for Intervening Plaintiff
   _____

7

8              UNITED STATES DISTRICT COURT

9          FOR THE NORTHERN DISTRICT OF CALIFORNIA

              SAN JOSE DIVISION

| | |
|---|---|
| HIGASHI FARMS, INC., et al., | CASE NO.   09-CV-04983 JF |
| | 09-CV-04985 JF |
| Plaintiffs, | 09-CV-04207 JF |
| vs. | |
| | **PACA PROOF OF CLAIM** |
| SALYER AMERICAN FRESH FOODS, et al., | |
| Defendants. | |
| MAJOR FARMS, INC., | |
| Plaintiffs, | |
| vs. | |
| SALYER AMERICAN FRESH FOODS, et al., | |
| Defendants. | |
| BRAGA RANCH, INC., | |
| Plaintiffs, | |
| vs. | |
| SALYER AMERICAN FRESH FOODS, et al., | |
| Defendants. | |

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

1
2
3
4
5
6
7
8
9
10
11

LAW OFFICES
**RYNN & JANOWSKY, LLP**
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

12
13
14
15
16
17
18
19
20
21
22
23
24
25

**DECLARATION OF _____ IN SUPPORT OF PACA TRUST PROOF OF CLAIM OF_____**

I, _____, declare:

1.    I am the _____ of _____ (hereinafter "Claimant"), and I file this Declaration and declare under penalty of perjury that the following are true statements. Claimant files this Declaration for the purpose of supporting its Perishable Agricultural Commodities Act trust claim against SALYER AMERICAN FRESH FOODS ("Salyer American"), and the individual Defendants in this case, pursuant to the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. §499e(c). I am authorized to make this Declaration and I am competent to testify at trial, if necessary, regarding the statements made in this Declaration.

2.    Claimant:

☐    is licensed by the USDA-PACA, and currently holds valid PACA license number _____, and was so validly licensed during the period applicable to the transactions which are the subject of this claim.

☐    is not licensed by the USDA-PACA, and was not so licensed during the period applicable to the transactions which are the subject of this claim.

3.    The sales transactions between Claimant and Salyer American were based on the following payment term(s): _____

_____

_____

_____.

4.    Claimant sold and delivered perishable agricultural commodities consisting of fresh fruits and/or vegetables (hereinafter "Produce") on credit to Salyer American, as described

_____

1   in the chart attached to this Declaration ("Trust Chart") as Exhibit A.  In each instance, the

2   Produce was received and accepted by Salyer American and no adjustments have been made on

3   the invoice except as listed in the Trust Chart.  In the Trust Chart, if invoices were sent to Salyer

4   American for the commodity sold to Salyer American, I have listed them by number under the

5   column "Invoice Number"; "Transaction Date" on the Trust Chart refers to the date which begins

6   the payment term between the parties; when invoices were sent to Salyer American, I have listed

7   under the column "Invoice Date," which is the date the invoice was sent to Salyer American; the

8   column "Payment Due Date" refers to the date payment was due based upon the payment terms

9   between the parties.  If Claimant claims trust status by virtue of a Notice of Intent to Preserve

10  Trust Benefits (hereinafter "Trust Notice"), I have listed the date Claimant gave the Trust Notice

11  to Salyer American under the column "Date Notice Given"; otherwise, it is blank.  "Total

12  Amount Due" refers to the amount owed and remaining unpaid, whether or not it qualifies for

13  trust protection; and "PACA Trust Amount" refers to the amount owed and remaining unpaid

14  qualifying for trust protection pursuant to the trust provisions of the PACA.

15      5.      Claimant preserved its PACA trust rights against Salyer American:

16          ☐      by including the statutorily required language on Claimant's invoice or

17  other billing statement [7 U.S.C. §499e(c)(4)];

18          ☐      by serving Trust Notices upon Salyer American within thirty (30) days

19  after expiration of the time prescribed by which payment must be made, as set

20  forth in regulations issued by the Secretary [7 U.S.C. §499e(c)(3)(i)];

21          ☐      by serving Trust Notices upon Salyer American within thirty (30) days

22  after expiration of such other time, as the parties have expressly agreed to in

23  writing before entering the transaction [7 U.S.C. §499e(c)(3)(ii)];

24

25

LAW OFFICES
RYNN & JANOWSKY, LLP
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

☐	by serving Trust Notices upon Salyer American <u>within thirty (30) days</u> after Claimant received notice that the payment instrument promptly presented for payment has been dishonored (7 U.S.C. §499e(c)(3)(iii)); or

☐	by the following method: _____

_____

_____

_____.

6.	If Claimant sent invoices to Salyer American, they were sent via:

☐	U.S. Mail	☐	Facsimile

☐	Hand-Delivery	☐	Other: _____

7.	Attached to this Declaration as Exhibit B are true and accurate copies, *if applicable*, of all Trust Notices, unpaid invoices, bills of lading, and other evidence and documents which may be necessary or helpful for the just determination of this claim.

8.	The total amount past due and unpaid from Salyer American totals $_____, of which, $_____ qualifies for PACA trust protection.

I understand that the penalty for presenting a fraudulent claim is a fine of up to Five Thousand Dollars ($5,000.00) or imprisonment for up to five (5) years, or both.  18 U.S.C. §152.

I declare that under penalty of perjury, under the laws of the United States of America and the State of _____, that the foregoing is true and correct based on my personal knowledge.

Executed this _____ day of _____ 20__ at _____, State of _____.

_____

_____,

Title: _____

ORDER ESTABLISHING PACA CLAIMS PROCEDURE – Page 21
976483v2

LAW OFFICES
RYNN & JANOWSKY, LLP
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

TRUST CHART AS OF:

PACA Trust Creditor:

Higashi Farms, Inc., et al. v. Salyer American Fresh Foods, et al.

| Invoice Number | Transaction Date | Invoice Date | Payment Due Date | Date Notice Given | Total Amount Due | Accrued Interest through _____ | PACA Trust Amount |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

PRINCIPAL AMOUNT DUE
INTEREST CHARGES ACCRUED THROUGH
ATTORNEYS' FEES AND COSTS THROUGH _____ **
TOTAL CHARGES

* Calculated at the rate of _____% annually

Claimant reserves the right to supplement its claim with accrued interest charges until payment is received in full.

** Claimant is entitled to and reserves the right to include additional recoverable attorney's fees within Claimaint's PACA trust claim, according to proof of entitlement and amount.

LAW OFFICES
RYNN & JANOWSKY, LLP
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

ORDER ESTABLISHING PACA CLAIMS PROCEDURE – Page 22
976483v2